**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-4448**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RICARDO J. TRAPP, a/k/a Ricardo Jovan Trapp,

Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  James R. Spencer, Chief District Judge.  (3:05-cr-00387-JRS)

---

Submitted:  July 12, 2007                    Decided:  July 20, 2007

---

Before GREGORY and DUNCAN, Circuit Judges, and WILKINS, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

John C. Jones, Jr., Providence Forge, Virginia, for Appellant. Chuck Rosenberg, United States Attorney, Angela Mastandrea-Miller, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ricardo J. Trapp appeals his convictions and sentence for distribution of 50 grams or more of cocaine base, see 21 U.S.C.A. § 841(a)(1), (b)(1)(A)(iii) (West 1999 & Supp. 2007), possession of a firearm in furtherance of a drug trafficking crime, see 18 U.S.C.A. § 924(c) (West 2000 & Supp. 2007), and possession of a firearm by a convicted felon, see 18 U.S.C.A. § 922(g)(1) (West 2000). Finding no error, we affirm.

I.

In March 2005, Richmond, Virginia narcotics detectives arranged the first in a series of controlled drug purchases from Salethia Mason, a known drug dealer, using a confidential informant (CI). Mason arrived at the prearranged buy location accompanied by Trapp. A second controlled purchase of cocaine base from Mason occurred on May 6, 2005; Mason was again accompanied by Trapp. Trapp's participation at this controlled purchase was visually confirmed by an officer in the narcotics unit's surveillance support van because Mason parked his vehicle directly beside the van. The officer observed Mason, Trapp, and the CI huddled together in Mason's vehicle during the transaction.

A third and final controlled purchase occurred on June 24, 2005. As on prior occasions, the CI contacted Mason to make arrangements to buy 62 grams of cocaine base. This time, however, Mason indicated that the CI would need to wait because the cocaine

base was not yet fully cooked. Later, the CI received a telephone call from Mason indicating that the cocaine was ready for sale and that they would meet in the parking lot of a McDonald's restaurant. Richmond police officers working surveillance then observed Trapp and Mason leave Trapp's grandmother's residence in a vehicle driven by Trapp. Shortly thereafter, the men arrived at the prearranged buy location. The CI joined Mason and Trapp in the car and completed the purchase. Because the drug quantity was less than the agreed upon amount, Trapp and Mason told the CI that he could ride back with them to pick up the remainder. The CI declined.

Trapp was stopped soon after leaving the parking lot and arrested. At that time law enforcement officers recovered U.S. currency, matching the bills given to the CI to make the controlled buy, and a plastic sandwich bag box containing baggies and a razor blade. Officers also recovered a loaded 9 millimeter handgun from under the driver's seat cushion.

During his trial, Trapp admitted that he had previously been convicted of felony distribution of cocaine and felony possession of a concealed firearm. He also stated that he knew Mason sold drugs and that a drug transaction took place in his car on June 24, 2005 in the restaurant parking lot. He also admitted that he was aware a drug transaction had taken place between Mason and the CI on May 6, 2005. Trapp further testified that although the gun

recovered from his car was not his, he had the only set of keys to the car.

After a one-day bench trial, Trapp was convicted and sentenced to 262 months imprisonment for distribution of 50 grams or more of cocaine base. He was also sentenced to a 60-month consecutive term for possession of a firearm in furtherance of a drug trafficking crime, and to a 120-month concurrent term for possession of a firearm by a convicted felon.

## II.

Trapp argues that the evidence was insufficient to support his convictions. When reviewing a challenge to the sufficiency of the evidence, we consider whether the evidence, taken in the light most favorable to the Government, was sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt. See Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Burgos, 94 F.3d 849, 862-63 (4th Cir. 1996) (en banc). Thus, a defendant challenging his conviction based upon the sufficiency of the evidence "bears a heavy burden," United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997) (internal quotation marks omitted), as "a decision [to reverse for insufficient evidence] will be confined to cases where the prosecution's failure is clear." Burks v. United States, 437 U.S. 1, 17 (1978).

Having examined the record in light of these principles, we conclude that the evidence was sufficient to support Trapp's conviction for distribution of 50 grams or more of cocaine base. See Burgos, 94 F.3d at 862-63.

Trapp also challenges the sufficiency of the evidence supporting his convictions for being a felon in possession of a firearm and possession of a firearm during a drug crime. Because Trapp stipulated to the facts that he had been previously convicted of a felony, that the firearm had moved in interstate commerce, and that his right to own or possess a gun had not been restored, the Government was required to prove only that Trapp knowingly possessed a firearm. See United States v. Langley, 62 F.3d 602, 606 (4th Cir. 1995) (en banc); United States v. Scott, 424 F.3d 431, 435-36 (4th Cir. 2005). The evidence in the record, including Trapp's own testimony that the vehicle was his and that he possessed the only set of keys to it, amply supports a conclusion that Trapp constructively possessed the firearm recovered from his vehicle. See Scott, 424 F.3d at 435.

With respect to his conviction for possession of a firearm in furtherance of a drug trafficking crime, Trapp contends that the Government did not meet its burden of proving that he knowingly possessed the firearm during the drug transaction. See 18 U.S.C.A. § 924(c)(1)(A) (providing that "any person who, during and in relation to any crime of violence or drug trafficking crime ...,

5

uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm" shall be sentenced to an additional term of imprisonment) (emphasis added). Again, when we examine the record, we conclude that the evidence to support Trapp's conviction was sufficient. Trapp stated that the vehicle was his, that he was the only person with keys to it, and that he drove Mason to the parking lot on June 24, 2005 for a drug sale. Five to ten minutes after leaving the parking lot, Trapp was arrested. The firearm, along with other physical evidence, was recovered at this time.

## III.

Trapp also asserts that the Government's failure to disclose an investigation of a case agent for a misdemeanor offense violated his rights under Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972). We review the factual findings of a district court regarding claims of prosecutorial misconduct for clear error. See United States v. Ellis, 121 F.3d 908, 927 (4th Cir. 1997) (noting that review of district court's determination of prosecutorial misconduct is mixed question of law and fact). To prove a Brady violation, a defendant must show he requested certain evidence and that it was (1) favorable; (2) material; and (3) the prosecution had it and failed to disclose it. See Moore v. Illinois, 408 U.S. 786, 794-95 (1972); United States v. Stokes, 261 F.3d 496, 502 (4th Cir. 2001). Evidence tending to

impeach a government witness must be disclosed to a defendant if known to the government.  See Giglio, 405 U.S. at 154.

Trapp's claim is based on a post-conviction investigation of a Richmond Police Department officer, who was involved in the investigation leading to Trapp's arrest, for a misdemeanor offense. After reviewing the record, we conclude that Trapp has wholly failed to meet his burden and therefore cannot prevail on this claim.  The record reveals that the Government was not aware of the investigation of the officer prior to Trapp's trial and that the officer's role in that investigation was limited.  See id.  In addition, Trapp has failed to demonstrate how the information was material and favorable to him.  See id. at 154-55; Stokes, 261 F.3d at 502.  Instead, Trapp argues only that if the officer was willing to break the law in one instance then she might also be willing to break the law in other instances.  Such speculation is not enough to establish a Brady or Giglio violation.

IV.

For the reasons set forth above, we affirm Trapp's convictions and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and argument would not aid the decisional process.

AFFIRMED

7